

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 24, 2026**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SLEEP QUARTERS PLUS, INC.,** | § | **CASE NO. 25-34803-swe-11** |
| | § | **Chapter 11** |
| Debtor. | § | |

**ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION
UNDER SUBCHAPTER V OF CHAPTER 11, AS MODIFIED**

CAME ON FOR CONSIDERATION BY THE COURT the *Debtor's First Amended Plan of Reorganization Under Subchapter V of Chapter 11* [Docket No. 99] (the "Plan") filed by Sleep Quarters Plus, Inc. ("Debtor"), Debtor in the above-styled and numbered case. The Court, having considered the Plan, the ballot tally, and other evidence presented at the hearing, and there being no objections to the confirmation of the Plan, made its findings of fact and conclusions of law orally on the record, which findings and conclusions are incorporated by reference herein and set

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 1

forth in part as follows (capitalized terms used in this Order and not defined herein shall have their respective meanings set forth in the Plan, or if not defined in the Plan, as defined in the Bankruptcy Code):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    The Debtor commenced the subject bankruptcy case by the filing of a voluntary petition under chapter 11 of the United States Bankruptcy Code on December 2, 2025 (the "Petition Date").

2.    The deadline for filing objections to the Plan was April 17, 2026.

3.    Citizens National Bank of Texas, holder of the Class 3 Claims, timely objected to the Plan.

4.    The Confirmation hearing was calendared for June 16, 2026 at 1:30 p.m.

5.    The Debtor proposed the Plan in good faith to provide for the treatment of all claims against the Debtor and this bankruptcy estate.

6.    All creditors and other parties in interest, in accordance with the orders of this Court, timely received copies of: (a) the Plan; and (b) the Notice of Hearing on Confirmation of Plan of Reorganization.  Further, all such parties, in accordance with the orders of this Court, timely received appropriate notice of: (a) the time within which ballots must have been received by the Debtor; (b) the time within which objections to confirmation must have been filed; and (c) the Confirmation Hearing.

7.    The Ballot summary, which was filed with the Court on May 13, 2026 [Docket No. 98], reflects the Debtor did not receive any votes accepting the Plan and did not receive any votes rejecting confirmation of the Plan.

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 2

8.    The Court has jurisdiction over this matter as a core proceeding pursuant to the provisions of 11 U.S.C. § 157(b)(2)(A)-(L) and (O).

9.    The Plan meets all requirements of §§ 1122 and 1123 of the Bankruptcy Code and the Debtor has complied with § 1125 of the Bankruptcy Code with respect to the Plan by § 1181.

10.    The Plan complies with all pertinent provisions of § 1129 as modified by § 1191 of the Bankruptcy Code (as set forth in greater detail below) and with all other requirements of the Bankruptcy Code.

a.    Due and Sufficient Notice.    Notice of the Confirmation Hearing was appropriate and complied, in all respects, with Bankruptcy Rule 2002(b).

b.    Plan Compliance – Bankruptcy Code Section 1129(a)(1).    The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

c.    Proponent Compliance – Bankruptcy Code Section 1129(a)(2).    The Debtor has complied with the applicable provisions of the Bankruptcy Code.

d.    Good Faith – Bankruptcy Code Section 1129(a)(3).    The Plan has been proposed in good faith under Section 1129(a)(3) and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125(e).

e.    Payments – Bankruptcy Code Section 1129(a)(4).    Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Plan and/or case have been approved by or are subject to the approval of this Court.

f.    Disclosures Regarding Post-Confirmation Management – Bankruptcy Code Section 1129(a)(5).    The Debtor accurately disclosed in the Plan the identity and any affiliations of the individuals proposed to serve as officers and directors of the Debtor after

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 3

the Plan is confirmed, and the compensation to be paid to such individuals after confirmation of the Plan.

g.     No Rate Change – Bankruptcy Code Section 1129(a)(6).     No governmentally regulated rates are involved in this case.

h.     Best Interests of Creditors – Bankruptcy Code Section 1129(a)(7).  With respect to the impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

i.     Bankruptcy Code Sections 1129(a)(8) and 1191(c)(1).  The Debtor satisfied the requirements of Bankruptcy Code § 1129(a)(8) as it received zero ballots in favor of confirmation.  Respecting § 1129(b)(2)(A):

i.     Ellis County, Texas is the secured Ad Valorem Tax claimant.

j.     Unimpaired Classes.  There are no Unimpaired claimants.

k.     Disposable Income and Plan Funding – Bankruptcy Code Sections 1129(a)(8) and 1192(c)(2) and (3).  The Debtor satisfied the requirements of Bankruptcy Code § 1129(a)(8) for Class 8.

i.     The holders of Class 4 Claims (Allowed Unsecured Claims) are impaired.  No class member voted to accept confirmation of the Plan and no class member voted to reject confirmation of the Plan. The treatment of any such claims satisfies the provisions of 11 U.S.C. §§ 1129(b) and 1191(c)(2) and (3).

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 4

l.　　Priority Claims – Bankruptcy Code Section 1129(a)(9). Claims entitled to priority under 11 U.S.C. § 507(a)(8) will be paid in accordance with the Bankruptcy Code or as per the provisions of the Plan.

m.　　Class Acceptance – Bankruptcy Code Section 1129(a)(10). No class of claims that is impaired under the Plan accepted the Plan.

n.　　Feasibility – Bankruptcy Code Section 1129(a)(11). The Plan is a Plan of reorganization.

o.　　Fees – Bankruptcy Code Section 1129(a)(12). All fees payable under 28 U.S.C. § 1930(a)(3) have been paid or will be paid on the Effective Date.

p.　　Retiree Benefits – Bankruptcy Code Section 1129(a)(13). There are no retiree benefits involved in this case.

q.　　Domestic Support Obligations – Bankruptcy Code Section 1129(a)(14). Section 1129(a)(14) is not applicable in this case.

r.　　Domestic Support Obligations – Bankruptcy Code Section 1129(a)(15). Section 1129(a)(15) is not applicable in this case.

s.　　Transfer Compliance – Bankruptcy Code Section 1129(a)(16). The Plan does not contemplate the transfer of property and thereby complies with the provisions of 11 U.S.C. § 1129(a)(16).

THEREFORE, based upon the foregoing findings of fact and conclusions of law:

## **ORDER**

**IT IS HEREBY ORDERED** that:

1.　　The findings set forth above and conclusions of law stated herein and as stated orally on the record shall constitute the Court's findings of fact and conclusions of law pursuant

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 5

to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

2. All objections, if any, if not withdrawn, waived or settled at or prior to the hearing are overruled on the merits.

3. The Plan, a true and correct copy of which is attached hereto and incorporated herein by this reference, subject to and as amended by this Order, is and shall be hereby confirmed in all respects pursuant to Sections 1129(a) and 1191(b) of the Bankruptcy Code and the Debtor shall be the disbursing agent.

4. All perfected liens and security interests of any creditor shall continue to be perfected with respect to such creditor's collateral.

5. Pursuant to 11 U.S.C. Section 503(b)(1)(D), Ellis County shall not be required to file an application for allowance of an Administrative Expense Claim for the payment of an expense described in subparagraph (B) or (C) of Section 503(b)(1), including any post-petition 2026 ad valorem property taxes, as a condition of such expense being an Allowed Claim. Debtor shall timely pay post-petition 2026 ad valorem property taxes, if any, pursuant to the deadlines for timely payment set forth in the Texas Property Tax Code.

6. The treatment of Class 3 Claims pursuant to Section 6.4 of the Plan is hereby replaced with the following:

**Class 3 Claims: Allowed Secured Claim of Citizens National Bank of Texas.** This Claim shall be paid in full within ninety (90) days from the Effective Date according to the agreed payoff amount stated in this paragraph. The contract interest rate from the applicable loan documents will apply and interest will continue accruing as of the Effective Date. If this Claim is not timely paid, the automatic stay provided by 11 U.S.C. Section 362(a) shall be lifted without further order of the Court to allow Citizens National Bank of Texas ("CNB") to pursue its non-

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 6

bankruptcy law remedies including application of the post-maturity rate of interest from the loan documents as of the date the stay lifts. Further, Debtor shall tender payments to CNB in the amount of $6,400.00 each on June 30, 2026, July 31, 2026 and August 31, 2026, each to be applied against accrued unpaid interest; if Debtor fails to timely remit any such payment and fails to remit such payment within three (3) business days following the date notice is sent to Debtor from CNB by regular mail and email to Debtor's counsel, then the automatic stay provided by 11 U.S.C. Section 362(a) shall be lifted without further order of the Court to allow CNB to pursue its non-bankruptcy law remedies. It is agreed that Debtor shall reimburse CNB the amount of any advance made to cover the costs and fees associated with any such notice(s) and any additional costs and fees incurred in the enforcement of CNB's rights and remedies. The payoff to CNB shall be as follows: $901,846.45 principal, plus ($626.55) interest credit as of June 16, 2026 from Debtor's most recent payment, plus $46,813.99 prepetition accrued unpaid interest, plus $726.16 accrued unpaid late fees, plus $13,800.00 unreimbursed advances as of June 16, 2026 and any additional unreimbursed advances incurred after such date, and $206.67 of per diem interest each day after June 16, 2026.

7.      This Court shall retain jurisdiction over this case and related matters, proceedings and issues as set forth in the Plan and to the fullest extent allowed by the Bankruptcy Code except to the extent otherwise set forth herein.

8.      This Order is hereby declared to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further additional orders, certifications or other supporting documents.

9.      That each and every federal, state, commonwealth, local, foreign or other governmental authority, agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order.

10.      To the extent that the terms of the Plan conflict with any prior Orders of this Court, the terms of the Plan shall be controlling.

11.      The Debtor shall be granted a discharge when all creditors are paid in full.

12.      Within fourteen (14) days after the date of the entry of this Order, the Debtor shall mail or cause to be mailed to all Creditors who have filed a proof of claim in this case (provided such claims have not previously been disallowed), parties who have filed a Notice of Appearance,

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 7

parties to rejected leases or executory contracts and all other parties listed on the Debtor's Master Service List, notice of entry of this Order.

13.     Any creditors claiming a rejection damage claim arising from the rejection of an executory contract or lease shall file such claim within 30 days of the Effective Date of the Plan.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Attorneys for Debtor

Order Confirming Debtor's Plan of Reorganization
Under Subchapter V of Chapter 11, as Modified
Page 8